IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHEN NIVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>TEHUM CARE SERVICES, INC., *et al.,*<br><br>    Defendants. | Civil Action No.: ELH-23-2298 |

**MEMORANDUM**

Self-represented plaintiff Stephen Nivens, who is currently incarcerated at Maryland Correctional Training Center ("MCTC"), filed suit pursuant to 42 U.S.C. § 1983 against Tehum Care Services, Inc. ("Tehum") ("f/k/a Corizon Health Inc."); the Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"); and the Baltimore County Detention Center ("BCDC"). ECF 1. As relief, plaintiff seeks sixteen (16) million dollars "in compensatory damages from each defendant" and one hundred and sixty (160) million dollars "in punitive damages from each of the" defendants. *Id.* at 14.

Plaintiff has moved to proceed in forma pauperis. ECF 2.[1] Therefore, the court must screen his Complaint for sufficiency. 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous or fails to state a claim for which relief may be granted, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

---

[1] Based on the information provided by plaintiff in the motion, he appears to be indigent. ECF 2. However, he has not filed a certified prison account statement as required under 28 U.S.C. § 1915(a)(2). Accordingly, I shall hold the motion *sub curia* at this time.

For the reasons discussed below, plaintiff's Complaint is subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim and to name proper defendants. But, plaintiff will be provided with an opportunity to file an Amended Complaint to correct the deficiencies.

## I.   Background

On Monday, August 7, 2023, plaintiff was "called over to the Dispensary … for what he thought was an actual annual Tuberculosis ("TB") Test to be inoculated." ECF 1 at 3. However, no immunizations were given, and instead a registered nurse administered "a screening of questions for symptoms." *Id.* He states that this violated his Constitutional rights. *Id.* It was not until after plaintiff pursued an administrative grievance regarding this issue that he was ultimately administered a "TB test." *Id.*

Plaintiff maintains that these actions "created an INFECTION CONTROL issue with not only [Nivens] but also the Incarcerated Persons ("IP") population, by NOT ADMINISTERING the required testing with inoculating Nivens to adequately ensure Nivens has not been INFECTED with th[e] TB virus." *Id.* at 4. He also appears to allege that he has only been provided two TB tests during his twelve years of incarceration, and that the failure to provide him with TB tests is discriminatory in nature as tests are provided regularly to staff. *Id.* at 5.

Plaintiff makes a separate claim that he has been served nutritionally inadequate meals at "both facilities," resulting in health complications such as hypothyroidism and iodine deficiency. *Id.* at 6.[2] Again, he alleges that this violated his Constitutional rights. *Id.* Further, plaintiff appears

---

[2] Presumably, plaintiff is referring to BCDC and MCTC, where he is currently incarcerated. However, it is not clear from the Complaint.

to allege that he has received inadequate treatment and management of his diagnosis of hypothyroidism. *See id*. at 10.

Plaintiff seeks hundreds of millions of dollars as relief for his claims. *Id.* at 14.

## II.     Section 1983

A civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Baltimore City Police Dep't v. Owens*, 575 U.S. 983 (2015). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar v.* Tingle, 859 F.3d 241, 245 (4th Cir. 2017).

Furthermore, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's

3

personal participation in the constitutional violation. *See Ashcroft v. Iqbal*, 1556 U.S. 662, 676-77 (2009); *Younger v. Crowder*, ___ F.4th ___, 2023 WL 5438173, at *6 n.12 (4th Cir. Aug. 24, 2023); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Section 1983 requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

### III. Discussion

A suit against an institution, such as BCDC, or a suit against "staff," without naming specific persons, is generally not sufficient to state a claim against a "person" in a § 1983 action. *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)) (other citations omitted); *see also Horton v. Kopp*, PWG-16-3086, 2018 WL 1243537, at *2 (D. Md. 2018). Thus, plaintiff must name as defendants those individuals who personally participated in the constitutional violations he alleges.

Further, in his original Complaint, plaintiff attempted to name Tehum Care Services, Inc. But, additional information is needed to state a claim against Tehum. To state a claim against Tehum, plaintiff must include allegations of a custom or policy of constitutional violations by this entity. *Austin v. Paramount Parks*, 195 F.3d 715, 727-28 (4th Cir. 1999).

Because plaintiff proceeds pro se, he will be afforded an opportunity to amend the Complaint to add proper defendants and additional facts clarifying and supporting his allegations. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).[3]

---

[3] Tehum Care Sercies, Inc., formerly known as Corizon Health Services, Inc., has filed bankruptcy proceedings in which an automatic stay has been issued. *See In re: Tehum Care Services, Inc.*, Case No. 23-90086 (CML) (Bankr. S.D. Tex). Accordingly, if plaintiff chooses to

Fed. R. Civ. P. 10(a) requires a complaint to identify each defendant allegedly responsible for the wrongdoing. In amending his Complaint, plaintiff should specify how each named defendant allegedly violated his rights. In other words, he should state what each defendant did or did not do, and how he was harmed by their actions or inactions. If plaintiff intends to pursue claims against a healthcare provider, he should be mindful of the legal standards.

The Amended Complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Rule 8(d)(1) requires the complaint to include allegations that are "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff is reminded that the Amended Complaint will replace the Complaint. *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001); *see also Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000). Accordingly, plaintiff must include allegations against each of the defendants he names so that the Amended Complaint stands alone as the sole complaint in this case.

---

pursue claims against Tehum Care Services, Inc. (f/k/a Corizon Health) in his Amended Complaint, the case will be stayed as to that defendant and no further proceedings will take place concerning that defendant unless or until the stay is lifted.

If plaintiff does not file an Amended Complaint, his suit may be dismissed, without prejudice. But, plaintiff is warned that if he files an Amended Complaint that is not consistent with this Order, this may result in the dismissal of the case, with prejudice. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). If plaintiff, while incarcerated, has three actions dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

A separate Order follows.

September 1, 2023
Date

/s/
Ellen L. Hollander
United States District Judge