IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN NIVENS,

   Plaintiff,

v.

TEHUM CARE SERVICES, INC., *et al.,*

   Defendants.

Civil Action No.:  ELH-23-2298

**MEMORANDUM**

Plaintiff Stephen Nivens, a self-represented State prisoner, filed suit on August 21, 2023 (ECF 1), with exhibits, naming the following defendants:  Tehum Care Services, Inc.; the Secretary of the Maryland Department of Public Safety and Correctional services ("DPSCS"); and the Baltimore County Detention Center ("BCDC").  In particular, pursuant to 42 U.S.C. § 1983, Nivens alleged, *inter alia*, violations of the Eighth and Fourteenth Amendments based on claims of deliberate indifference, negligence, and discrimination in regard to certain health care matters.  He has also filed a motion for leave to proceed in forma pauperis.  ECF 2.

Soon after suit was filed, I issued a Memorandum and Order directing Nivens to file an Amended Complaint.  ECF 4; ECF 5.  Plaintiff filed the Amended Complaint on September 22, 2023 (ECF 6) and included many exhibits.

In addition, the Amended Complaint added numerous defendants:  Unnamed Infection Control LPN; Director of Nursing Services Adaora N. Odenze; Director of Inmate Health Care Administration Joseph A. Ezeit; Chief Medical Director Sharon L. Baucom, M.D.; Jennifer Mellott, RN; Assistant Director of Nursing Becky Barnhart, RN; Baltimore County Detention Center Correctional Dietary Officer Lt. Blevins; Warden J. Phillip Morgan; Warden Richard Dovey; Warden William Bohrer; YesCare; and BCDC Director O'Neil.  ECF 6.

By Memorandum (ECF 9) and Order (ECF 10) of November 13, 2023, I dismissed the Amended Complaint as to BCDC; the Secretary of DPSCS; DPSCS; Warden Morgan; Warden Bohrer; Lt. Blevins; and BCDC Director O'Neil.

As to the remaining parties, several motions are pending. No hearing is necessary to resolve them. Local Rule 105.6.

First, Nivens filed a Motion to Appoint Counsel. ECF 8. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

In his motion, plaintiff states that he is indigent and incarcerated, and thus has limited access to resources necessary to present his case. ECF 8. Although this may be true, these reasons do not represent exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff at this time. Plaintiff has adequately presented his claims, he has responded to defendants' pending motion for dispositive relief, and the case has not proceeded to discovery or

---

[1] Under 28 U.S.C. § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

a hearing. Plaintiff is reminded that because he proceeds pro se the Court will afford his filings a liberal construction. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

On March 20, 2024, the Court received plaintiff's "Motion to Deny Defendants [sic] Response to Show Cause Order and Motion for Enlargement of Time to File Acceptance of Service and Respond to Complaint as Untimely Late and Moot." ECF 33. Plaintiff appears to object to the motion of YesCare Corp., Jennifer Mellott, and Becky Barnhart (collectively, "the Medical Defendants'") requesting additional time to respond to his suit. ECF 23. On March 25, 2024, the Court received for filing from plaintiff a document titled "Nivens' Response to Defendants YesCare Corp., Jennifer Conway (Nee Mellott) and Rebecca Barnhart Timebarred Amended Complaint and Response." ECF 34. Again, plaintiff appears to object to any additional time for the Medical Defendants to respond to his Amended Complaint. In response, the Medical Defendants filed "Defendants Yescare, Corp, Jennifer Mellott, and Becky Barhart's Motion to Strike Plaintiff's Response to Defendants' Answer To Plaintiff's Amended Complaaint." ECF 35.

Having reviewed the pending motions, I shall deny plaintiff's "Motion to Deny Defendants [sic] Response to Show Cause Order and Motion for Enlargement of Time to File Acceptance of Service and Respond to Complaint as Untimely Late and Moot." ECF 33. The Medical Defendants have now answered the Amended Complaint. ECF 27. They timely responded to this Court's Show Cause Order (ECF 22, ECF 23), and within one week of that response, filed their Answer. ECF 27. And, in any event, no prejudice to plaintiff has resulted from any brief delay.

As to the Medical Defendants' Motion to Strike Plaintiff's Response to Defendant's Answer (ECF 35), I shall deny the motion. Through this filing, the Medical Defendants primarily argue that their Answer was not untimely and ask that the Court strike plaintiff's responsive filing at ECF 34. But, no reason exists to strike the filing from the docket.

Defendants Sharon Baucom, Adaora Odunze, and Joseph Ezeh ("State Defendants") recently filed a motion to dismiss or, in the alternative, for summary judgment. ECF 36. It is supported by a memorandum (ECF 36-1) and several exhibits. The Medical Defendants will be afforded 28 days from the date of entry of this Order to file any motion for summary judgment, or alternatively, to file a status report regarding the need for discovery. Following the filing of any dispositive motion, plaintiff is entitled to respond. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

An Order follows.

Date:   April 23, 2024               /s/
                                     Ellen L. Hollander
                                     United States District Judge