IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN NIVENS,

   Plaintiff,

v.

TEHUM CARE SERVICES, INC., *et al.*,

   Defendants.

Civil Action No.: ELH-23-2298

**MEMORANDUM**

     Plaintiff Stephen Nivens, a self-represented State prisoner, filed suit on August 21, 2023 (ECF 1), with exhibits, naming the following defendants: Tehum Care Services, Inc.; the Secretary of the Maryland Department of Public Safety and Correctional services ("DPSCS"); and the Baltimore County Detention Center ("BCDC"). In particular, pursuant to 42 U.S.C. § 1983, Nivens alleged, *inter alia*, violations of the Eighth and Fourteenth Amendments based on claims of deliberate indifference, negligence, and discrimination in regard to certain health care matters. Pursuant to the Court's Memorandum and Order of September 1, 2023 (ECF 4, ECF 5), plaintiff filed an Amended Complaint (ECF 6), along with numerous exhibits.

     The Amended Complaint added numerous defendants: Unnamed Infection Control LPN; Director of Nursing Services Adaora N. Odenze; Director of Inmate Health Care Administration Joseph A. Ezeit; Chief Medical Director Sharon L. Baucom, M.D.; Jennifer Mellott, RN; Assistant Director of Nursing Becky Barnhart, RN; Baltimore County Detention Center Correctional Dietary Officer Lt. Blevins; Warden J. Phillip Morgan; Warden Richard Dovey; Warden William Bohrer; YesCare Corp. ("YesCare"); and BCDC Director O'Neil. ECF 6.

     Generally, plaintiff reiterated the claims he asserted in his original Complaint. These included that his constitutional rights were violated by defendants YesCare; Unnamed LPN;

Mellott; Barnhart; Odenze; Ezeit; Dr. Baucom; Warden Morgan; Warden Dovey; and Warden Bohrer when he was not provided a TB test and because he had not received one since August 24, 2020. *Id.* at 7. Further, plaintiff stated that a new protocol was put into place and, according to Barnhart, it requires screening questionnaires to be provided in lieu of providing TB reactive tests to everyone. *Id*. at 9. He also claims he was asked to withdraw an administrative remedy procedure complaint ("ARP") in order to receive a TB reactive test, which he declined to do and, as a result, he did not receive the test. *Id*. at 8.

In addition, Nivens claimed that DPSCS, Lt. Blevins, and O'Neil caused him to become ill with hypothyroidism because the food provided to inmates is of poor nutritional quality. ECF 6 at 11-13. In connection with this claim, Nivens described events taking place from 2011 through 2014. *Id.* And, he stated that on January 11, 2014, lab results showed that he had "elevated unremarkable TSH thyroid level." *Id*. at 13.

The Amended Complaint contained no allegations against the "former wardens" or the Secretary of the DPSCS. Nivens appeared to base his claims against these parties solely on their job status.

Now pending is plaintiff's "Motion to Grant and Award Plaintiff's § 1983 Civil Complaint." ECF 50 (the "Motion"). He contends that his civil Complaint should be granted due to the failure of defendants YesCare, Barnhart, and Mellott (the "Medical Defendants") to respond to a Court Order (*i.e.*, ECF 46). *Id.* Nivens argues that any further filings by the Medical Defendants are now "waived, timebarred, untimely, and late" (emphasis removed), and thus this Court should "grant" and "award" his Complaint. *Id.* at 1, 4.

2

# I. Background

As noted, Nivens alleges, *inter alia*, that DPSCS, BCDC Correctional Dietary Officer Lt. Blevins, and BCDC former director O'Neil caused him to become ill with hypothyroidism because the food provided to inmates is of such poor nutritional quality. ECF 6 at 11-13. In connection with this claim, Nivens described events taking place from 2011 through 2014. *Id*. He states that on January 11, 2014, lab results showed that he had "elevated unremarkable TSH thyroid level." *Id*. at 13.

To be sure, the Complaint of a pro se litigant is liberally construed. *See*, *e.g.*, *Fields v. Federal Bureau of Prisons*, ___ F.4th ___, 2024 WL 3529034, at *1 (4th Cir. July 25, 2024); *Shaw v. Foreman*, 59 F.4th 121, 126 (4th Cir. 2023). On the other hand, under 28 U.S.C. § 1951, courts are also required to screen a plaintiff's complaint when, as here, in forma pauperis status is requested. Here, it is clear, "'*on the face of the complaint*,'" that the claims concerning the provision of food from 2011 to 2014 are time barred. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (citation omitted) (emphasis added in *Goodman*); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009).

Therefore, by Memorandum and Order of November 13, 2023 (ECF 9, ECF 10), I dismissed Nivens's claims against Blevins and O'Neil, regarding food provided to him nine to twelve years ago. ECF 9 at 8. And, to the extent that plaintiff asserted a claim against BCDC, I dismissed it, because the facility is not a "person" within the meaning of 42 U.S.C. § 1983. *Id.* In addition, I concluded that the claims against DPSCS, an arm of the State, must be dismissed based on sovereign immunity. *Id.* at 12.[1]

# I. Background

---

[1] Nivens noted an appeal to the Fourth Circuit. ECF 12. On February 27, 2024, the Fourth Circuit dismissed plaintiff's appeal. ECF 21.

On December 4, 2023, I issued an Order (ECF 14-1) concerning, *inter alia*, service of the suit. The remaining defendants were directed to inform the Court whether service of the suit was or was not accepted on behalf of the named defendants. ECF 14.

Thereafter, on January 23, 2024, the Office of the Maryland Attorney General entered its appearance on behalf of defendant Sharon Baucom, M.D. ECF 18. And, on March 13, 2024, the Office of the Maryland Attorney General entered its appearance on behalf of defendants Joseph A. Ezeit and Adaora N. Odenze. ECF 24.

However, the Medical Defendants (YesCare, Barnhart, and Mellott) did not respond. Therefore, on February 28, 2024, I ordered Counsel for YesCare to show cause why there had been noncompliance with the Court's Order. ECF 22. On March 8, 2023, counsel for YesCare answered the Order and also moved for a brief extension, until March 13, 2024, to respond on behalf of the Medical Defendants. ECF 23. Notably, counsel failed to submit a proposed order, and none was issued. But, on March 14, 2023, Megan Mantzavinos, Esquire entered her appearance on behalf of YesCare, Barnhart, and Mellott (ECF 28) and answered the Complaint. *See* ECF 27.

On March 20, 2024, plaintiff challenged the response to the show cause order and opposed the request for enlargement of time. ECF 33. He submitted another filing on March 25, 2023. *See* ECF 34. The Medical Defendants moved to strike. ECF 35. They noted, *inter alia*, that the Court had granted their extension request, and they cited ECF 26. *See* ECF 35, ¶ 5. However, ECF 26 concerns an extension granted to defendants Odunze and Ezeh. Nivens opposed the motion to strike. ECF 41, ECF 43. By Memorandum and Order of April 23, 2024 (ECF 45, ECF 46), I denied both ECF 33 and ECF 35.

Then, by Memorandum and Order dated April 23, 2024 (ECF 45, ECF 46), I addressed

several pending motions.  Of relevance here, I also addressed plaintiff's opposition to the brief extension request submitted by the Medical Defendants at ECF 23, and I approved it.  ECF 45 at 3.  Also of import, I directed the Medical Defendants "to file any motion for summary judgment, or alternatively, to file a status report regarding the need for discovery," due within 28 days of the date of the Order.  ECF 45 at 4, ECF 46.  To date, nothing further has been received from the Medical Defendants.[2]

This failure of the Medical Defendants to comply with ECF 46 is central to plaintiff's filing of ECF 50.  Nivens argues that because the Medical Defendants failed to respond to the Court's Order, they have waived their right to do so, and he asks the Court to "grant" and "award" his civil Complaint.  *Id.* at 4.

## II. Discussion

Nivens correctly points out that the Medical Defendants have disregarded a Court Order.  Recognizing that Nivens proceeds pro se, I will construe his Motion (ECF 50) as a Motion for Clerk's Entry of Default, pursuant to under Fed. R. Civ. Proc. 55(a).  Under this rule, default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. Proc. 55(a).

The Medical Defendants have delayed the adversary process.  Thus, the Clerk will be directed to enter an order of default as to defendants YesCare, Barnhart, and Mellott.  Within 28 days of the date of docketing such an Order, the Medical Defendants may move to set aside the entry of default, for good cause shown.  Fed. R. Civ. Proc. 55(c).  And, if the Court *denies* that motion, plaintiff may then move this Court for entry of a default judgment, pursuant to Fed. R.

---

[2] A dispositive motion was filed by defendants Baucom, Ezeit, and Odenze.  ECF 36.  It is pending.

Civ. Proc. 55(b), due within 21 days of the docketing of an Order denying a motion to vacate.

An Order follows.

July 26, 2024 /s/
Date Ellen L. Hollander
United States District Judge